IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAIR HILL MANAGEMENT, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 2:13-cv-07212 |
| | : | |

MEMORANDUM ORDER

AND NOW, this 26th day of August 2015, upon consideration of Defendant City of Philadelphia's Motion for Summary Judgment (Doc. No. 40), Plaintiff's response (Doc. No. 43), and Defendant's Surreply (Doc. No. 47), it is hereby ORDERED that Defendant's Motion is GRANTED. Judgment shall be entered in favor of Defendant and against Plaintiff on both counts, as noted in a separate order filed concurrently with this memorandum.

I.  Background

Plaintiff Fair Hill Management, LLC ("Fair Hill") purchased the property located at 2647 Kensington Avenue on March 28, 2013, and the deed was recorded with the City of Philadelphia on April 2, 2013. (Def.'s Statement of Undisputed Material Facts[1] ("Facts") ¶ 13, Doc. No. 40-1.) At the time of purchase, Plaintiff was aware that Defendant City of Philadelphia had designated the building at 2647 Kensington Avenue as "unsafe." (Facts ¶ 12.) Specifically, Plaintiff or an agent had purchased a "Certification Statement" from the Department of Licenses and Inspections prior to purchasing the property. (Facts ¶¶ 10–11.) The Certification Statement listed two previous violations of the Philadelphia Code: a January 8, 2013 violation "due to the partial collapse of the north side wall of the building," and a February 19, 2013 violation for failure to remedy the previous violation by repairing the wall or demolishing the structure. (Facts

---

[1] Plaintiff does not submit a separate statement of undisputed material facts and disputes only Paragraphs 17 and 20 of the statement submitted by Defendant.

¶¶ 4–5, 8–9.) Plaintiff did not apply to Defendant for any permits or licenses to rehabilitate the property. (Facts ¶ 14.)

On July 9, 2013, Philadelphia Department of Licenses and Inspections Inspector Mark Soltys declared the property "imminently dangerous" because "the side load bearing wall of the property that had already partially collapsed was in imminent danger of further collapse." (Facts ¶ 15.) The parties portray what happened next differently: Defendant submits documentation that the Department sent a Violation Notice to the address that Plaintiff had registered with the Department, 57 West Main Street, Suite 220, Babylon, NY 11702 via both certified and regular first class mail (Facts ¶ 17; Def.'s Ex. B ("Soltys Aff.") ¶ 10; Def.'s Ex. N ("Certified Mail Receipt")), but Plaintiff cites testimony from James Clark, owner of Fair Hill Management, that "no notice was received" (Def.'s Ex. I ("Clark Dep.") 10:21–11:7). The Violation Notice sent by certified mail was later returned to the Department as unclaimed. (Facts ¶ 18.) In his affidavit, Soltys states that he also put up an orange poster on the property indicating the "imminently dangerous" classification. (Soltys Aff. ¶ 8.)

On July 22, 2013, Soltys conducted a curbside bid auction on behalf of the City and awarded a contract for demolition of the building at 2647 Kensington Avenue to a licensed contractor. (Facts ¶ 21; Def.'s Ex. O.) On July 24, 2013, Plaintiff filed an Emergency Motion for Injunctive Relief in the Philadelphia County Court of Common Pleas, seeking to stop the demolition. (Facts ¶ 23.) The next day, Judge Norman Ackerman dismissed Plaintiff's motion after a hearing, noting Plaintiff's "failure to produce witnesses, to present evidence that the necessary prerequisites to injunctive relief . . . could be obtained or could be testified to." (Facts ¶ 23; Def.'s Ex. P, Inj. Hr'g Tr. 9:14–10:9.) Contractors demolished the building at 2647 Kensington Avenue. (Facts ¶ 24.)

Plaintiff filed this suit in the Philadelphia County Court of Common Pleas on November 25, 2013, and Defendant removed the case to this Court on December 11, 2013. (See Notice of Removal, Doc. No. 1.) In response to Defendant's Motion to Dismiss, Plaintiff filed the Amended Complaint on January 29, 2014. (See Am. Compl., Doc. No. 11.) Plaintiff's Amended Complaint includes two counts alleging (I) that Defendant violated Plaintiff's right to procedural due process by demolishing Plaintiff's building without adequate notice, "in accordance with the City's custom and practice," and (II) that Defendant violated Plaintiff's substantive due process rights by demolishing the building and by failing to provide "adequate recourse . . . whereby Plaintiff could challenge the actions of the City of Philadelphia prior to the commencement of the demolition." (Id.) Although it is not explicitly noted, we understand Plaintiff's claims as arising under 28 U.S.C. § 1983, as that statute "provides a cause of action against state actors who violate an individual's rights under federal law." Filarsky v. Delia, 132 S. Ct. 1657, 1660 (2012).

The parties both previously sought judgment on the merits (see Pl.'s Mot. J. on the Pleadings, Doc. No. 21; Def.'s First Mot. Summ. J., Doc. No. 29; Def.'s Second Mot. Summ. J., Doc. No. 37), but we denied these previous motions to allow for the completion of discovery. (See Order of July 14, 2014, Doc. No. 25; Order of Sept. 16, 2014, Doc. No. 30; Order of March 4, 2015, Doc. No. 39.) On May 18, 2015, Defendant filed the instant Motion for Summary Judgment ("Def.'s Mot.," Doc. No. 40), to which Plaintiff responded ("Pl.'s Resp.," Doc. No. 43), and in support of which Defendant filed a reply, labelled a surreply ("Def.'s Reply," Doc. No. 47). The Motion is thus ripe for our review.

    II.       Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing that no genuine dispute as to any material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To avoid summary judgment after the moving party has fulfilled the initial burden, the nonmoving party must produce "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "In ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." Id. at 254. Disputed facts "must be viewed in the light most favorable to the nonmoving party," Scott v. Harris, 550 U.S. 372, 380 (2007), and "all justifiable inferences are to be drawn in [the nonmovant's] favor," Anderson, 477 U.S. at 255.

   III.   Analysis

Defendant puts forward several arguments for summary judgment, including that the notice and opportunity to be heard that Defendant provided was sufficient as a matter of law, that Defendant's actions were not arbitrary or conscience shocking, and that Plaintiff has not established facts in support of its Monell claim. (See Def.'s Mot.) Because we conclude that Plaintiff has failed to put forth sufficient facts to establish Monell liability, we resolve the Motion on that basis and need not consider Defendant's other arguments.

   A.  The Monell Standard

Municipalities are subject to suit under § 1983 for deprivations of constitutional rights only where the action alleged to be unconstitutional "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."

Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 690 (1978). Alternatively, a municipality may be liable "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Id. at 690–91. In other words, "Monell thus created a 'two-path track' to municipal liability, depending on whether a § 1983 claim is premised on a municipal policy or custom." McTernan v. City of York, Pa., 564 F.3d 636, 657 (3d Cir. 2009).

To show unconstitutional activity pursuant to a municipal policy, a plaintiff may prove either a "fixed plan[] of action to be followed under similar circumstances consistently and over time" or a formal decision in a particular instance "by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 480–83 (1986). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). "Custom . . . may also be established by evidence of knowledge and acquiescence," Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996), but a single incident cannot establish a custom for the purpose of Monell liability. Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995). Plaintiff therefore bears the burden of demonstrating "that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz, 915 F.2d at 850. Only in such circumstances can a municipality fairly be held liable for "acts that are, properly speaking, acts 'of the municipality.'" Pembaur, 475 U.S. at 479–80.

B. Analysis

In the matter before us, Plaintiff has failed to adduce any evidence of a policy or custom pursuant to which the City's actions allegedly violated his rights. First, Plaintiff has not identified any policy as commissioning the actions giving rise to his claims. Plaintiff submitted the Emergency Services and Abatement Unit Field Manual and cites the Philadelphia Property Maintenance Code as the policies governing Defendant's actions in providing notice to property owners before demolishing a structure that has been designated imminently dangerous. (See Pl.'s Resp. 3–4; Pl.'s Resp. Ex. 1.) But Plaintiff's central theme, repeated in various places throughout its response, is that Defendant did not follow these policies when demolishing Plaintiff's property. (See, e.g., Pl.'s Resp. 2 (noting actions "despite the requirement of the Philadelphia Property Maintenance Code"); id. at 3 ("[T]he City . . . violated its own published notice and procedural requirements."); id. at 4 ("Defendant continued its demolition without confirmation, contrary to the Field Manual's explicit instructions."); id. at 5 ("Because Defendant failed to provide and/or confirm that Plaintiff received notice of the impending demolition, Defendant violated its own procedures and denied Plaintiff its due process rights.").) Plaintiff therefore has not shown any facts—nor even argued—that an official policy authorized Defendant's allegedly unconstitutional actions.

Absent an official policy enabling the actions that Plaintiff claims were unconstitutional, Plaintiff must show that Defendant took the challenged actions pursuant to an unofficial custom. See McTernan, 564 F.3d at 657. Here, however, Plaintiff has failed to put forth any evidence indicating that such a custom exists. Plaintiff has alleged only that Defendant's employees failed to follow Defendant's written policy in the instance given rise to this suit. This single incident cannot support Plaintiff's cursory assertion that Defendant's actions were taken "in accordance with the City's custom and practice" (see Am. Compl. ¶ 32). See Groman, 47 F.3d at 637.

6

Without any evidence that Defendant's course of conduct in this instance represents its well-settled, permanent practice, Plaintiff's own theory of misconduct belies its theory of municipal liability. Plaintiff has therefore failed to adduce sufficient evidence for a jury to conclude that its rights were violated pursuant to any municipal custom so entrenched as to constitute official policy. See Anderson., 477 U.S. at 249. Therefore, Plaintiff's Monell claims fail as a matter of law, and Defendant is entitled to summary judgment on all counts.

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED. Judgment shall be entered for Defendant and against Plaintiff on all counts.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.